IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SALLY C. OLINGER,**

       **Plaintiff,**

**v.**                                         **CIV No. 01-270 LH/DJS-ACE**

**ADECCO EMPLOYMENT SERVICES, INC.,**
**d/b/a/ ADDECCO, a Delaward corporation,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand (Docket No. 9). Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

### Background

On January 31, 2001, Plaintiff filed her complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, asserting claims for age discrimination under the New Mexico Human Rights Act. Plaintiff requested various types of damages, in an unspecified amount.

On March 1, 2001, Defendant filed its notice of removal under 28 U.S.C. § 1441.  This notice alleges that it was filed within thirty (30) days of receipt by Defendant of a copy of the complaint, in compliance with 28 U.S.C. § 1446(b). The notice also states that complete diversity of citizenship exists and that this Court has diversity jurisdiction over this case.

In the notice of removal, Defendant notes the jurisdictional requirement of $75,000, and states that because Plaintiff seeks lost front and back pay, employment benefits, emotional distress damages, and unspecified "other compensatory damages," as well as attorneys' fees, "there is obviously more than $75,000 in controversy in the present case." (Not. of Rem. at ¶ 9). In support of this conclusion, Defendant lists several recent employment cases, wherein damages of more than $75,000 were awarded.  Beyond the basic characterization of these "employment cases," and a mention of the damages awarded in each, Defendant gives no factual basis to connect the cited cases to this case.  Defendant then makes the conclusory statement that "the amount in controversy requirement is plainly met." *Id*. at ¶ 10.

**Legal Standards**

When a case is removed, it is the defendant's burden to establish the amount in controversy.  *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. (1995).  Federal court jurisdiction is to be strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  There is a presumption against removal jurisdiction. *Laughlin* at 873.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Id.*  When the face of the complaint does not affirmatively establish the requisite amount in controversy, the burden is on the removing party to set forth, in the notice of removal itself, underlying facts supporting the assertion that the

minimum jurisdictional amount for diversity jurisdiction exists.  *Id*.  The notice of removal must contain a short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), and must establish the requisite amount in controversy at the time of removal by a preponderance of the evidence.  *Barber v. Albertsons, Inc.*, 935 F. Supp 1188, 1190 (N.D.Ok. 1996).

Defendant contends that the notice of removal's recitation of recent employment cases, in which verdicts of more than $75,000 were awarded, supports its assertion that the jurisdictional requirement has been met here.  In making this argument, Defendant partially relies upon the personal injury automobile accident case of *Marrujo v. Swift Transportation Co., Inc.*, CIV No. 98-122 (D. N.M. Aug. 6, 1999) (mem.).  In that case defendant analogized between plaintiff's alleged personal injuries and jury verdicts in cases with similar alleged personal  injuries.  In *Marrujo*, Judge Black held that such an analogy was sufficient, stating:  "It appears to the Court that [Defendant] had a factual basis upon which to make such an assertion [of removal jurisdiction], and it set out those facts in the Notice of Removal."  *Id.*  It is in this material respect that the *Marrujo* case is distinguishable from this case:  the *Marrujo* defendant analogized to jury verdicts in other vehicular accident cases with similar physical injuries, providing a factual basis for comparison and analogy.   Here, although Defendant cites to other cases that awarded damages for lost income and the like, Defendant gives the Court no underlying factual basis upon which it could conclude that the cited cases are indeed analogous to this case, except that they are all employment cases, seeking the usual types of damages in employment cases.  Specifically, Defendant provides no factual basis as to any supposed similarity in lost compensation, pay,

benefits, length of employment or circumstances of termination[1].  Without any underlying facts, the Court can only speculate as to how similar or analogous the cited employment cases are to this case.  By simply citing to these other cases, Defendant has not met its burden under *Laughlin*.

**Conclusion**

The "amount in controversy" involves an inquiry into what the Plaintiff potentially stands to gain from a lawsuit, or what the Defendant's possible exposure to liability may be.  *See* 15 MOORE'S FEDERAL PRACTICE, § 102.109[1] (3d ed. 2000); *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914 F. Supp. 1430 (E.D. Tex. 1995).  Based on the contents of the complaint and the notice of removal, the Court finds no underlying facts that would support a conclusion that this case involves a dispute of $75,000 or more.  All we know from these two pleadings is that Plaintiff claims that she was dismissed for reasons related to her age and that she claims damages typical to this type of lawsuit.

Defendant's citing the Court to employment cases that awarded typical categories of damages in amounts over $75,000 does not satisfy its burden to establish that Plaintiff has the potential to gain $75,000 or more from this lawsuit.  If this approach were sufficient, defendants could always meet the burden, because for virtually every type of case, one could cite other cases where the same categories of damages have been awarded in excess of $75,000.  This Court is bound by the Tenth Circuit precedent in the *Laughlin* case.  That precedent requires a stated factual basis upon which this Court can conclude that the minimum jurisdictional amount for

---

[1] Defendant notes in its response brief that Plaintiff was earning $30,000 at the time of her termination and submits a Personnel Action Form to attempt to substantiate this statement.  This late submission does not satisfy the requirement that the amount in controversy be established by the complaint or by the notice of removal.  Proof of the amount in controversy is insufficient if submitted in documents subsequent to the notice of removal.  *Laughlin* at 873.

diversity jurisdiction exists.  This requirement must be met on a case-by-case basis, with facts presented to the Court that are specific to that case.  Defendant has not met this requirement.

**WHEREFORE,** for the reasons stated above, Plaintiff's Motion to Remand shall be **granted**, and this case shall be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE